**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana Lyn Schaum,<br><br>    Plaintiff,<br><br>vs.<br><br>Honeywell Retiree Medical Plan Number 507 and Business Entities A through E,<br><br>    Defendants,<br><br>vs.<br><br>Computerized Healthcare Management Services, LLC d/b/a Carestaf of Arizona<br><br>    Intervenor. | No. CIV-04-2290-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendant's Motion to Dismiss Carestaf's Complaint in Intervention, (Dkt. #87). After reviewing the motion, the Court issues the following Order.

**I.    Background**

Intervenor Carestaf of Arizona ("Intervenor") has asserted a claim under the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et seq. Accompanying this claim, Intervenor has asserted the following state law causes of action: (1) breach of contract; (2) promissory estoppel; (3) fraud; and (4) negligent misrepresentation.

1  Defendant Honeywell Retiree Medical Plan Number 507 ("Defendant") moves
2 this Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). FED.R.CIV.PRO.  In
3 bringing its Motion to Dismiss, Defendant relies on an extraneous document to support its
4 position.  Specifically, Defendant directs the Court's attention to Honeywell's 2001 Retiree
5 Medical Plan Number 507 ("the Plan").   Defendant repeatedly cites to this document as
6 prohibiting the assignment of Plaintiff's rights under the Plan to Intervenor, thus
7 demonstrating that the Intervenor lacks standing to assert its ERISA claim.  Defendant
8 contends that because this document is an integral document summarizing the key terms of
9 Defendant's Plan, and because Intervenor's Complaint relies and incorporates the Plan terms,
10 by reference, this Court may consider the Plan document in support of its Motion to Dismiss
11 without converting the Plan's motion into a motion for summary judgment. See Parrino v.
12 FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (holding that defendant's attachment of extrinsic
13 document to motion to dismiss did not convert the motion into a motion for summary
14 judgment where the attached document was integral to the plaintiff's claims and the
15 authenticity was not disputed).

16  Intervenor; however, takes issue with the authenticity of the Plan document relied
17 on by Defendant.  Specifically, Intervenor contends that the Plan document at issue may not
18 be the document that Honeywell relied on in reducing Plaintiff's skilled nursing care from
19 24 hours to 2 hours per day.  Intervenor argues that the Plan relied on by Defendant may
20 govern only the year of 2001 and that there is evidence suggesting that a more recent plan
21 exists, such as a 2003 plan.  Intervenor contends that this position is supported by
22 inconsistencies between the 2001 Plan and references by the Plan Administrator to specific
23 page numbers of the Plan that do not contain the information or term referenced.   In short,
24 Intervenor disputes the authenticity of the 2001 Plan document relied on by Defendant in
25 asserting its Motion to Dismiss and requests that Defendant's Motion be treated as a motion
26 for summary judgment under Rule 56.

27

28 **II.        Standard**

1  Federal Rule of Civil Procedure 12(b) provides in pertinent part:

2  If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be
3  granted, matters outside the pleading are presented to and not excluded by court, the motion shall be treated as one for summary
4  judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent
5  to such a motion by Rule 56.

6  Although, as mentioned above, there are exceptions to the conversion of motions to
7  dismiss into motions for summary judgment, no such exception applies in this case. See
8  Parrino., 146 F.3d at 706 (9th Cir. 1998).  Assuming even that the extrinsic 2001 Plan
9  document relied upon by Plaintiff is integral to Plaintiff's Complaint, there is still issue with
10 the authenticity of it as demonstrated by the concern raised by Intervenor.  As such,
11 Defendant's Motion to Dismiss must be treated as a motion for summary judgment and the
12 Parties must be afforded a reasonable opportunity to present all material pertinent to
13 Defendant's Rule 56 motion with respect to the issues raised.

14 **IT IS HEREBY ORDERED** converting Defendant's motion to dismiss (Dkt.
15 #87) into a motion for summary.

16 **IT IS FURTHER ORDERED** that the parties will be given 20 days from the
17 date of this Order to perform any necessary discovery and submit material pertinent to
18 Defendant's pending motion for summary judgment.

19 DATED this 19th day of December, 2005.

_____
Mary H. Murguia
United States District Judge

- 3 -